IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS
_____

RICHARD MARTIN,

    Plaintiff,

Vs.                                                     No._____

                                                                 Division_____

METHODIST LeBONHEUR HEALTHCARE,
LYNN WILSON, and
DOES 1 through 10, INCLUSIVE,

    Defendant.                                                A JURY IS REQUESTED

## COMPLAINT

### JURISDICTION, VENUE AND THE PARTIES

1. Count I of this complaint arises under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301-4333. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. § 1331, as conferred by 38 U.S.C. § 4323(b)(3). Jurisdiction as to the remaining Counts is conferred by 28 U.S.C. § 1367(a). Venue is proper because employer, Methodist Healthcare Memphis Hospitals ("Methodist") maintains a place of business in this district, as provided in 38 U.S.C. § 4323(c)(2).

2. Defendants Doe (listed as Doe 1 and Doe 2, but it is averred that other Does may become known), inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "defendant", "defendants", or a specifically named defendant refers also to all defendants sued under fictitious names.

3. Plaintiff Richard Martin ("Martin"), at all pertinent times herein, was a citizen and resident of Memphis, Tennessee.

4. Plaintiff is informed and believes, and alleges on the basis of that information and belief, that defendant Methodist LeBonheur Healthcare ("Methodist") is a corporation that

maintains a place of business in Memphis, Tennessee, and as used herein, represents any hospital operated by said corporation including, but not limited to Methodist Hospital North.

5. Plaintiff is informed and believes, and alleges, on the basis of that information and belief, that defendant Lynn Wilson ("Wilson"), is a resident of Shelby County, Tennessee.
6. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, all Defendants were the agents, servants, and employees each of the other, acting writing the course and scope of said agency and employment.
7. During the course of his employment with Defendants, Plaintiff performed each and every condition and covenant required on his part to be performed pursuant to said employment agreement and in particular was continuously employed by Defendant Methodist from on or about June 16, 2000 until on or about October 31, 2008.

## GENERAL FACTUAL ALLEGATIONS

8. At all times relevant, Martin was a pilot with the Air National Guard at the rank of Master Sergeant.
9. At all times relevant, Defendants Methodist, Wilson and Does were aware that Martin was a member of the Air National Guard.
10. Martin began working for Methodist on or about June 2, 2000 as a surgical technician.
11. On or about April, 2002, Martin was called to active duty for the Air National Guard.
12. After receiving orders that he was being called to active duty, Martin notified his work supervisors at Methodist of his call to active duty.
13. Martins call to active duty continued until October 31, 2010.
14. On or about October 31, 2008, Martin was discharged from his employment at Methodist after his active duty call-up extended beyond five years.
15. The actions of the United States military in Iraq and Afghanistan (Operation Iraqi Freedom and Operation Enduring Freedom) were declared by the United States Congress to be war time activity for the purposes of USERRA.
16. Title 38 U.S.C. § 4312 (c)(4)(B) exempts service "under any provision of law because of war or national emergency" from the usual 5 year limit on employment retention rights.
17. At all times relevant, all Defendants knew, or reasonably should have known, that USERRA prevented the termination of employees while on active duty, including a call-up that exceeds five years during times of war.

18. In spite of this knowledge, Methodist willfully terminated the employment of Martin while he was on active duty during a time of war.
19. Because of said termination, Martin was without employment for almost a full year after his release from active duty.
20. Because of said termination, Martin incurred expenses that would not have been incurred were it not for the acts of Defendants including, but not limited to, loss of medical insurance coverage, medical expenses that would have otherwise been covered by insurance, depletion of personal savings due to loss of income, and other specific economic losses.
21. After being released from active duty, Martin contacted Defendants seeking to be reemployed, exercising his rights as a serviceman released from active duty.
22. Martin contacted Defendant Lynn Wilson, his immediate supervisor at the time of his call-up, and was directed by Wilson to contact Human Resources at Methodist Hospital North, which Martin did.
23. Martin was then directed by an Doe 1 to contact the central Human Resources office for Methodist, which Martin did.
24. Rather than immediately reinstate Martin to the position he previously held at the salary he would have been receiving had the call-up not occurred, Martin was directed by Doe 2 to use the Methodist online job application site and apply for any open position.
25. At the direction of Doe 2, Martin applied for jobs online and included on that form in the only space provided that he was a former employee returning from active duty.
26. Martin was not rehired by Defendants.
27. After extensive negotiation with Defendants, Martin was rehired in a position essentially similar to his former position at a salary which, upon information and belief, reasonably calculates the salary he would be receiving had the call-up not occurred.
28. Defendants refused to compensate Martin for any losses suffered during the time of his wrongful termination.

## COUNT I
### DISCRIMINATION UNDER 38 U.S.C. § 4301 ET SEQ.

29. Plaintiff realleges and incorporates the allegations of Paragraphs 1 through 28 of this Complaint, as if set forth fully herein.

30. The Uniformed Services Employment and Reemployment Rights Act ("USERRA") prohibits discrimination in employment against individuals who have been called to duty in the uniformed services.
31. Defendant's motive in terminating Martin's employment was his participation in activities with the Air National Guard, which constitutes a violation of USERRA.
32. As a direct and proximate result of the conduct of defendants as set forth in this Count, Martin has suffered injuries and damages including but not limited to loss of past earnings and benefits, all to his damage in the amount of $70,000.00.
33. Plaintiff alleges such violations of USERRA were willful and requests liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C).
34. Pursuant to 38 U.S.C. § 4323(h), Plaintiff further requests an award of reasonable attorney's fees, expert witness fees, and other litigation expenses.

## COUNT II
## TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY

35. Plaintiff realleges and incorporates the allegations of Paragraphs 1 through 34 of this Complaint, as if set forth fully herein.
36. Plaintiff brings this action under Tennessee law with federal court jurisdiction being conferred by 28 U.S.C. § 1367(a).
37. Plaintiff asserts that it is violative of Tennessee public policy to terminate members of the state National Guard while they are on active duty in service to their country, as such rights are protected by USERRA and Tennessee statutes including, but not limited to, T.C.A 58-1-604.
38. As a direct and proximate result of the conduct of Defendants, as set forth in this Count, Plaintiff suffered damages including, but not limited to loss of past earnings, excessive costs which would not have been incurred had Defendants not wrongfully terminated Plaintiff, in the amount of $70,000.00.
39. As a direct and proximate result of the conduct of Defendants as set forth in this Count, Plaintiff suffered emotional distress including, but not limited to, depression, frustration, loss of self-worth, humiliation and all ad to his damage in the amount of $750,000.00.
40. Defendants' acts as herein described were committed maliciously, fraudulently or oppressively without regard to injury caused to Plaintiff by such actions, and without regard to relevant law preventing the termination of Plaintiff while on active military duty,

and because these acts were carried out by Defendants in a despicable, deliberate and intentional manner, Plaintiff is entitled to recover punitive damages under Tennessee law in the amount of $500,000.00.

## PRAYERS FOR RELIEF

Wherefore, premises considered, Plaintiff prays that process issue to all known Defendants so that they be called to answer as to why the sought relief should not be granted, and for relief, Plaintiff prays that:

### AS TO COUNT I

1. Special damages be awarded in the amount of $70,000.00,
2. General damages be awarded in the amount of $70,000.00,
3. For attorney's fees and all costs of this action pursuant to rights under USERRA, 38 U.S.C. § 4323(h)(2).

### AS TO COUNT II

4. Special damages be awarded in the amount $70,000.00,
5. General damages be awarded in the amount of $750,000.00,
6. Punitive damages be awarded in the amount of $500,000.00.

### AS TO ALL CAUSES OF ACTION

7. For all costs, expenses, and litigation fees for the necessity of brining this action,
8. For prejudgment interest,
9. For such other general and further relief as the cause of justice may require.

Respectfully submitted:

/s/ Mark M. Wright
Mark M. Wright (BPR 21772)
The Wright Law Office

        1331 Union Ave.
        Suite 1147
        Memphis, TN 38104
        901.297.9500
        mark@markmwright.com

### AFFIDAVIT OF PLAINTIFF

I, Richard Martin, do herby affirm that the fact and allegations contained in this complaint are true to the best of my knowledge.


        <u>/s/Richard Martin</u>